DECISION AND JUDGMENT ENTRY
This accelerated appeal is before the court following the Lucas County Court of Common Pleas, Juvenile Division's dismissal of appellant Cheryl C.'s motion for reunification, change of custody and visitation and companionship.
Appellant is the natural mother of Lisa C., born March 9, 1990. Shortly after her birth, on April 10, 1990, Lucas County Children Services Board ("LCCSB") filed a complaint in dependency and motion for shelter care hearing. The complaint alleged that appellant has a seizure and personality disorder and was not properly caring for her daughter. On May 31, 1990, Lisa C. was adjudicated a dependent child and temporary custody was awarded to LCCSB.
On March 6, 1991, LCCSB filed a motion for permanent custody. In its motion, LCCSB stated that appellant and Lisa C.'s father failed to follow through with the case plan regarding counseling and parenting classes and there was an unaddressed history of physical abuse between them. The complaint also explains that Lisa C. was born with a heart defect and that appellant has been unable or unwilling to provide for her special needs. The complaint did state that Lisa C. had been in the custody of her maternal grandmother, who wished to adopt her, and was doing very well.
Prior to the trial court's ruling on LCCSB's motion, on April 10, 1991, both appellant and Lisa C.'s father signed "Permanent Surrender of Child" forms. The forms were filed with the court's approval on April 29, 1991. The form states in pertinent part:
 "1. All my rights as a parent to the above named child will end. This includes, but is not limited to, all rights to visitation, communication, support, religious affiliation and the right to consent to the child's adoption.
 "2. The Agency shall have permanent custody of the child and shall have the right to place the child in any adoptive home or other substitute care settings it finds in the child's best interest (Ohio Revised Code Section 3107.01
and 3107.06)"
On February 10, 2000, appellant filed a motion for reunification, change of custody and visitation and companionship. In her motion, appellant argued that at the time she executed the permanent surrender, she was temporarily disabled due to her epilepsy and the medication needed to control the disease. Accordingly, she argues that she was unable to knowingly consent to the surrender. She now states that her disease is under control and she is now capable of caring for her child. Appellant further states that her mother had permitted weekly visitation of Lisa C. until April 1999.
On March 17, 2000, said motion was summarily denied by the trial court which stated: "Motion for reunification between biological mother and child is dismissed for lack of jurisdiction." Appellant then filed the instant appeal.
Appellant's sole assignment of error provides:
 "The trial court erred by dismissing Petitioner-Appellant's Motion for Reunification, Change of Custody and Visitation and Companionship, with prejudice, without hearing, in violation of Petitioner-Appellant's due process rights."
Appellant first contends that at the time she executed the surrender of her parental rights, she was taking strong medication and was unable to give informed consent. Upon review of the record in this matter we find nothing that would indicate that appellant was impaired in any way at the time of the proceedings. Further, on the permanent surrender form it indicates that appellant stated that she was aware of what permanent custody means. Thus, absent evidence to the contrary we must presume the regularity of the proceedings. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199.
Appellant next argues that, in any event, she should have been notified of the adoption proceedings. Again, the above-quoted permanent surrender of child form states that all of appellant's rights to the child were terminated. This includes the rights to visitation, communication and to consent to an adoption. See OAC 5101:2-42-09. Accordingly, once the surrender was executed, the trial court was not required to notify appellant of the adoption proceedings as her consent was not required. Moreover, once the child was adopted, the trial court no longer had jurisdiction over the matter. Therefore, appellant's assignment of error is not well-taken.
On consideration whereof, we find that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Costs of this appeal are to be paid by appellant.
 ______________________ PIETRYKOWSKI, J.
 Peter M. Handwork, J., Richard W. Knepper, P.J., JUDGES CONCUR.